

**SO ORDERED.**
**SIGNED this 3rd day of November, 2021**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

Shelley D. Rucker
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE
## NORTHEASTERN DIVISION

**In re:**

**David Bradford Thacker,**

    **Debtor.**

**No. 2:21-bk-50613-SDR**

**Chapter 13**

### MEMORANDUM ORDER

On September 9, 2021, the Chapter 13 Trustee filed a motion to modify the confirmed plan under 11 U.S.C. § 1329.  (Doc. No. 31.)  The requested modification concerns the treatment of a debt under Section 3.3 of the plan.  The confirmed plan lists the debt as secured by a judgment lien in favor of Barclays Bank Delaware in the amount of $4,900.00.  (Doc. No. 27 at 5.)  From a review of the debtor's Schedule D, the lien attached to real property located in Greene County, Tennessee.  The debtor has an interest in two adjacent tracts.  He lives with his mother in a house located at 3830 Snapps Ferry Road in Afton, Tennessee; he has a remainder interest in the house subject to his mother's life estate.  The debtor also has a fee interest in 7.4 acres of vacant land next to the

house.  On May 5, 2021, the debtor proposed a plan that treated the obligation as a secured claim under Section 3.3 (secured claims excluded from 11 U.S.C. § 506).  (Doc. No. 2 at 3.)  The debtor proposed to pay the debt of $4,900.00 at the rate of $96.00 per month, to be paid within the plan by the Trustee.  The plan was confirmed on August 5, 2021.

On June 11, 2021, Barclays Bank Delaware conveyed the claim to Portfolio Recovery Associates, LLC ("Portfolio").  On June 25, 2021, Portfolio filed Proof of Claim 24 for $4,254.41.  The terms of Section 3.3 provide that "[t]he amount of the creditor's claim stated on its proof of claim, if allowed, controls over any contrary amount listed below."  That section addresses differences in amounts between plan terms and the proof of claim but not differences in secured status, which is where the Trustee's problem lies.

Portfolio states in its proof of claim that it has no collateral.  (Claim 24-1 at 2 ¶¶ 8, 9.)  The claim puts the Trustee in an impossible situation.  She is under an obligation to pay the claim as secured to the detriment of the unsecured creditors according to the confirmed plan.  11 U.S.C. § 1329(c).  However, as a result of Portfolio's sworn statement that there is no collateral, there is no allowed secured claim to pay.  In response to Portfolio's filing, and to reconcile her obligations, the Trustee has chosen to move "to modify Part 3.3 of the plan to pay the claim amount of $4,254.41 as a general unsecured claim with all other provisions of Part 3.3 remaining in place including, without limitation, the creditor's lien, if any, will be retained until discharge of the debt under 11 U.S.C. § 1328."  (Doc. No. 31 at 1.)

The Court held a hearing on the motion on October 26, 2021, and took the motion under advisement.  The Court has jurisdiction to adjudicate the Trustee's motion under 28 U.S.C. §§ 157(b)(2)(L) and 1334(b).

"As a general rule, the confirmation of a plan of reorganization constitutes a final judgment in bankruptcy proceedings.  Such confirmation by a bankruptcy court has the effect of a judgment by the district court and res judicata principles bar relitigation of any issues raised or that could have been raised in the confirmation proceedings." *Browning v. Levy*, 283 F.3d 761, 772 (6th Cir. 2002) (internal quotation and editorial marks and citations omitted); *see also* 11 U.S.C. § 1327(a) (binding effect of a confirmed Chapter 13 plan); *In re Welch*, No. 97-5080, 1998 WL 773999, at *2 (6th Cir. Oct. 11, 1998) (table case) ("Section 1327(a) has been consistently interpreted as barring the relitigation of any issue which was decided or which *could have been decided* at confirmation.") (citations omitted).  Here, the debtor filed a proposed plan on May 5, 2021 that showed how he intended to treat the Barclays Bank Delaware / Portfolio debt in his Chapter 13 plan.  Portfolio thus knew or should have known about the proposed treatment of its claim when it filed the proof of claim on June 25, 2021.  The Trustee did not object to the plan's treatment at the first meeting of creditors held on August 3, 2021, a date almost a month after the claim had been filed.

The Court has identified three reasons why granting partial relief from confirmation and permitting a modification would be appropriate.  *See* Fed. R. Bankr. P. 9024; Fed. R. Civ. P. 60; *In re Astroglass Boat Co., Inc.*, 32 B.R. 538, 543 (Bankr. M.D. Tenn. 1983) ("Once a confirmation order becomes final, the only remedy available is to have the order set aside pursuant to Rule 60 of the Federal Rules of Civil Procedure.").  First, "[i]t is generally true that participation by a secured creditor in distributions from the general assets on the basis of his full claim indicates a waiver of the security and an election to be treated as an unsecured creditor." *U.S. Nat. Bank in Johnstown v. Chase Nat. Bank of New York City*, 331 U.S. 28, 35 (1947) (citation omitted); *accord Salyersville Nat'l Bank v. Bailey (In re Bailey)*, 664 F.3d 1026, 1029

(6th Cir. 2011) (citations omitted).  If Portfolio has chosen to waive its status as a secured creditor, then the confirmation order should reflect that choice, especially when the choice was made prior to confirmation and Portfolio has failed to respond to the Trustee's motion.  Second, the placement of the Portfolio claim in Section 3.3 of the confirmed plan appears to be a mistake.  Nothing in the record indicates that the Portfolio claim was secured by any purchase money security interest.  Even the debtor's sworn schedules show that the debt was secured by a judgment lien.  (Doc. No. 1 at 27 (Sch. D).)  The Portfolio claim thus does not satisfy either of the two criteria listed in subsections (a) and (b) of Section 3.3 for treatment as "a secured claim excluded from 11 U.S.C. § 506."  Third, the debtor's schedules indicate that the fee interest to which the judgment underlying the Portfolio claim could attach is worth $15,000 while his exemption is only $5000.  Even assuming that the adjacent land could qualify as his homestead due to its proximity to his residence, the judgment lien does not appear to impair that exemption.  The claim thus would not be avoidable under 11 U.S.C. § 522(f) such that its treatment should be provided under Section 3.4 of the plan.  Under these circumstances, partial relief from the confirmation of the plan is appropriate to provide treatment of the Portfolio claim in the proper section and to align the debtor's plan with Portfolio's waiver of its status as a secured creditor.

      The Court denies the Trustee's motion to modify the plan's treatment of a claim provided in Section 3.3 in such a way that modification could result in a partial avoidance of the lien.  Section 3.3 should only include secured claims that cannot be bifurcated under 11 U.S.C. § 506.  Section 3.3 of the form plan provides for a change in plan treatment only based on the contents of a proof of claim.  It is Section 3.2 that addresses differences in the payment of the secured amount based on proofs of claim.

The Court will grant the Trustee's motion to modify the confirmed plan and move the treatment of the Barclays Bank Delaware / Portfolio claim to Section 3.2. Moving the treatment to Section 3.2 will allow the Trustee to rely on the language that is contained in that section of the plan. The form language for Section 3.2 sets forth that "[i]f the Secured Amount is listed as 'Zero' or 'None,' the creditor's allowed claim will be treated entirely as an unsecured claim under Section 5.1 of this plan." In this instance, the Secured Amount was not listed as "zero" or "none" by the debtor. However, given *Bailey* and Portfolio's waiver, the Court will construe the proof of claim as effectively amending the Secured Amount to zero, meaning that the language of Section 3.2 quoted above will apply. Treatment of the claim under that section of the plan will be consistent with the debtor's disclosures in Sections 1.1, 1.2, and 1.3 of the plan, alleviating the need for re-noticing the modified plan. It also places the treatment of this claim in the correct section based on its status as a claim that may be bifurcated. The form language of Section 3.2 will authorize the Trustee to pay the claim as an unsecured claim. It also provides that the lien will be discharged if the plan is completed.

It is ordered that the confirmation order is modified based on a mistake in providing for the Barclays Bank Delaware / Portfolio claim in Section 3.3 and providing a "Secured Amount" in excess of the secured amount claimed. Its treatment shall be moved to section 3.2. Given the creditor's declaration that it has no collateral, the Secured Amount provided in Section 3.2 is amended to $0.00, and the treatment of the Barclays Bank Delaware / Portfolio claim shall be paid in accordance with that provision, *i.e.* its claim shall be paid as an unsecured claim and its lien terminated and released by the creditor upon either payment of the underlying debt determined under nonbankruptcy law or discharge of the underlying debt under 11 U.S.C. 1328, which ever is earlier.

# # #